898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hazel REECE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1698.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1990.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Hazel Reece appeals the district court's judgment affirming the decision of the Secretary of Health and Human Services that Reece was ineligible for social security disability benefits. We affirm.
 
 
 2
 Hazel Reece was born on November 11, 1934, and was fifty-one years old at the time of the September, 1986 hearing before the administrative law judge. She has a tenth grade education. She had worked for ten years at the Sheraton Hotel in Pontiac, Michigan as a housekeeper. She stopped working in July, 1982, when the hotel went out of business. She claims that she would not be working there if the hotel was still in business today. She alleged that by 1983 she had become disabled due to chest pain occurring on exertion or with exposure to stress, shortness of breath on exertion, chronic low back pain, hypertension causing dizziness and daily headaches, nervousness, and right arm pain which began three weeks prior to the hearing. In 1985, she discovered that she was a diabetic.
 
 
 3
 Reece testified that due to the combination of her complaints she is unable to engage in work activity. She estimated that she could only lift two pounds, walk only two blocks, and stand or sit no more than thirty minutes. She also claimed that she had to lie down three to four times each day for one hour at a time. Reece did state, however, that she is able to perform household chores. She lives by herself and does her own cooking, laundry and shopping. She said that she does not perform heavier chores, such as mopping, which are done by her son.
 
 
 4
 The medical evidence revealed that Reece's hypertension and diabetes were well-controlled. Though she had complained of chest pain, various diagnostic tests were all normal. The objective findings concerning her alleged back impairment showed that she had full range of motion in her cervical and lumbosacral spine which is inconsistent with chronic low back pain. In addition, there was no evidence of nerve root irritation in the lumbosacral spine. Reece's complaint of shortness of breath was not supported by objective findings. Chest X-rays were consistently normal, and, while her treating physician stated that pulmonary function studies indicated some obstructive elements, he admitted that he did not have actual tracings. The clinical examinations also showed that she did not have physical findings consistent with a severe pulmonary impairment.
 
 
 5
 The administrative law judge concluded that Reece was not disabled within the meaning of the Social Security Act. The administrative law judge found that she had hypertension, diabetes, degenerative arthritis in the lumbosacral spine, chest pain of a noncardiac origin, and complaints of headaches, dizziness, nervousness, and chronic pain in the low back and legs. Although she had these impairments, however, the administrative law judge concluded that she did not have an impairment or combination of impairments listed in, or medically equal to one listed in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1 (1988). The administrative law judge further determined that Reece's subjective symptomatology was exaggerated and not credible in light of the objective medical evidence. Based upon the objective evidence in the record and Reece's lack of credibility, the administrative law judge found that Reece had the residual functional capacity to perform light work, including her past relevant work as a hotel maid. Accordingly, the administrative law judge concluded that Reece was not disabled within the meaning of the Act and, therefore, was not entitled to benefits. The district court affirmed the decision of the Secretary, holding that there was substantial evidence that Reece was not disabled.
 
 
 6
 On appeal, the role of this court is limited to determining whether there is substantial evidence in the record to support the findings of the Secretary. 42 U.S.C. Secs. 405(g), 1383(c). The Secretary's decision must be upheld if it is supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535 (6th Cir.1986) (en banc). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). In determining this question, the court examines the evidence in the record "taken as a whole." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048 (6th Cir.1983).
 
 
 7
 We find that there is substantial evidence in the record to support the Secretary's decision. In correctly determining that Reece was not disabled within the meaning of the Act, the administrative law judge applied the proper legal standards and fairly considered all of the evidence, including objective medical findings, the reports of treating and consulting physicians and Reece's tendency to exaggerate the severity of her physical problems. The administrative law judge properly considered all of her impairments singly and in combination and found that none limited her in such a way to prevent her from performing her past relevant work. Based upon the objective evidence, the administrative law judge was entitled as the finder of fact to reject the credibility of Reece's subjective complaints. We conclude, therefore, that the Secretary's decision that Reece was not disabled and thus not entitled to benefits is supported by substantial evidence in the record.
 
 
 8
 Accordingly, we affirm the judgment of the district court.